UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON SAUNDERS, | ) | 1:06-CV-00750 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | [Doc. #17] |
| | ) | |
| JAMES A. YATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 15, 2006, Petitioner filed the instant petition in this Court. After the Magistrate Judge directed Respondent to file a response, on November 18, 2006, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. On January 19, 2007, conceding non-exhaustion, Petitioner filed a notice of non-opposition and motion for voluntary dismissal. The undersigned granted the motions to dismiss on February 12, 2007, and dismissed the petition without prejudice.

Pending before the Court is Petitioner's April 13, 2007, motion for reconsideration of the order dismissing the petition.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

1  misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner states the California Supreme Court denied a petition on March 14, 2007. However, he is not certain whether the claims he raised in the instant petition were raised in that state petition. In light of the recently denied state petition, Petitioner moves to reopen the case.

Petitioner's arguments fail to meet the standard for reconsideration. The petition was dismissed on February 12, 2007. Regardless of whether the state court petition that was denied on March 14, 2007, exhausted the instant claims, the federal petition contained unexhausted claims at the time it was dismissed. Therefore, even if Petitioner had not moved to voluntarily dismiss the petition, it would have been properly dismissed. Moreover, Petitioner is not even certain if the state petition did exhaust the instant claims. For these reasons, his motion will be denied. The dismissal of his petition was without prejudice; therefore, he may file a new federal petition with the Court. However, Petitioner is strongly cautioned that he must bring only exhausted claims. The Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:    May 10, 2007**                      /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE